People v. Myers.

## THE PEOPLE v. WARREN MYERS.

On a trial under an indictment for murder, the defendant is presumed to be sane until the contrary is made to appear; and his insanity, if relied upon as a defense, must be established affirmatively by a preponderance of proof.

An instruction asked by defendant on a trial for murder to the effect that if the evidence created a reasonable doubt in the minds of the jury as to the sanity of the defendant at the time he committed the act, he should be acquitted—was properly refused.

APPEAL from the Fourteenth Judicial District.

The facts are sufficiently stated in the opinion.

*Mc Connell & Garber*, for Appellant.

Where the defense is insanity, the defendant is entitled to the benefit of any reasonable doubts on the question of insanity. (*Conner* v. *McKie*, 1 Gray, Mass. 61—cited in Leading Criminal Cases, Vol. 1, B. & H. 347.)

The distinction is between the burden of proof and a *prima facie* case; and the making out a *prima facie* case never shifts the burden of proof. (Story on Prom. Notes, 181; 2 Greenl. Ev. 172; *Delano* v. *Bartlett*, 6 Cush. 364; *Tourtellet* v. *Rosebrook*, 11 Met. 460; *Morrison* v. *Clark*, 7 Cush. 213; *Lane* v. *Crombie*, 12 Pick. 177.)

"If the jury have reasonable doubts of defendant's sanity, he ought to be acquitted." (*State* v. *Marler*, 2 Ala. 43.)

Doubts of sanity amount to doubts of the intent, which must always be proved. (3 Inst. 47; 4 Blackstone Com. 195; Hazel's Case, 1 Lead. C. C. 383.)

It is immaterial whether the testimony for the prosecution or that for the defense raises the doubt; where it is raised on the question of insanity by the testimony for the people, the Court should order an acquittal. (*Crawford* v. *State*, 12 Geor. 142.)

The argument on the other side is that the presumption of sanity shifts the burden of proof.

But all the analogies are the other way: thus, the unexplained possession of personal property stolen, raises a presumption of guilt; but when rebutting testimony is offered, the defendant must be

acquitted, if there remain on the whole case a reasonable doubt of his guilt.

" If a reasonable doubt is thrown on a *prima facie* case of guilt, the party accused is not proven guilty, beyond a reasonable doubt." (*State* v. *Merrick,* 19 Maine 398; *State* v. *Bennett,* 3 Brevord 514; *Jones* v. *People,* 12 Ill. 259.

*Attorney General,* for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The defendant in this case was indicted for the crime of murder, and was convicted of the crime of murder in the second degree.

On the trial, the defendant's counsel requested the Court to give the following instruction: " Third. If the jury believe from the evidence that there exists a reasonable doubt as to the sanity of the defendant at the time of the commission of the act charged in the indictment, they must acquit the defendant." The Court refused so to instruct, and gave the following explanation of the ground of such refusal: " Defendant's third instruction is refused, for the reason that defendant must be presumed to be sane until the contrary is made to appear; and preponderating evidence is necessary to establish his insanity, a mere doubt of his sanity not being sufficient." To this refusal, and the charge in explanation, the defendant excepted, and now presents this ruling of the Court as a ground of error on which he asks a new trial.

The correctness or incorrectness of this ruling is supposed to depend upon the solution of the question as to where the burden of proof rests. On the one hand the argument is, that intention is the essence of crime, and that, if the accused was insane, he was incapable of a criminal intent; and hence, if upon the whole proofs the jury have a reasonable doubt of the sanity of the accused, a crime is not proved. That although sanity is to be presumed, yet that presumption only stands in place of other proof of a fact which the prosecution is bound to establish ; and if proof is given sufficient to raise a doubt of that fact, the result is that an essential fact to constitute the offense is not proved beyond a reasonable doubt. On

the other hand the argument is, that sanity is not a fact to be affirmatively established by the prosecution. That the law relating to crimes rests upon the presumption of sanity ; and if it does not exist in any particular case, it is an exception, and its absence is to be proved by the party asserting it.

Upon authority, this question appears to be clearly settled against the defendant. Many cases to this effect are collected at page 111, vol. 1, of Leading Criminal Cases; although the editors, as appears at page 359, incline upon theory to a contrary opinion. We can see no sufficient reason for adopting a rule of evidence different from that established by the cases to which we have referred.

If the burden of proving the existence of insanity rests upon the accused, it follows that this fact must be satisfactorily established, and that is by a preponderance of proof. The fact is not proved by raising a doubt whether it exists or not.

We do not think this question has practically so much importance as is sometimes attributed to it. There cannot be any great difference between the character of the proof which is sufficient to establish insanity to the satisfaction of a jury by a preponderance of evidence, and that which is sufficient to displace the presumption of sanity and raise a *reasonable* doubt of its existence.

Two other exceptions were taken, but are not insisted upon in the appellant's brief, and we think them not well taken.

Judgment affirmed.