[No. 10,066.]

## THE PEOPLE v. ROBERT M'DONELL.

SPECIAL GRAND JURY.—A special grand jury impaneled in accordance with Sections 226 and 241 of the Code of Civil Procedure is a valid grand jury for every purpose.

INSANITY AS A DEFENSE.—Where insanity is relied upon as a defense the burden of proof is on the defendant, and the insanity must be clearly established by satisfactory proof.

TEST OF INSANITY.—As a general rule the test of insanity is whether the accused at the time of committing the offense was conscious that he was doing wrong.

NEW TRIAL—CUMULATIVE EVIDENCE.—Newly discovered evidence, which is cumulative in its character, is not, of itself, sufficient ground for a new trial.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The defendant was indicted for the crime of murder in the first degree committed in the killing of John B. McCarty in July, 1873. The grand jury consisted of fourteen men, but two of them being disqualified were challenged, the challenge was allowed and they took no part in the finding of the indictment.

It appeared at the trial that the defendant, together with Patrick Mulcahy, the deceased and others were engaged in threshing grain in a field. One afternoon some of the men, together with the defendant and Mulcahy, being thirsty,

went to the water bucket for a drink. There being no cup, one of the number proposed that they drink out of the bucket. Mulcahy remarked that it made no difference, as they were all of one family anyhow. In the evening following, after the men had gone tô the house of their employer, the defendant abruptly approached Mulcahy and asked what he meant by saying they were all of one family. Being told that no offense was intended, he replied: "I want it to be clearly understood that I have no popery belonging to me, and if you don't take back that talk I will shoot the top of your head off." The next day while Mulcahy and the deceased were working close together about the threshing machine, the defendant came up, and drawing his revolver fired at Mulcahy. The shot missed its mark and struck and killed the deceased. The instructions referred to in the opinion were as follows : "3. To establish a defense on the ground of insanity it must be clearly proved that at the time of committing the act the defendant was laboring under such a defect of reason from disease of the mind as not to know the nature and quality of the act he was doing, or if he did know it, that he did not know he was doing what was wrong. 4. The true test of insanity is whether the accused, at the time of committing the crime, was conscious that he was doing what he ought not to do." The jury returned a verdict of murder in the first degree. The defendant moved for a new trial, and, the motion having been denied, he appealed from the judgment and from the order denying a new trial. The other facts are stated in the opinion.

*John M. Coghlan* and *George A. Lamont*, for Appellant.

*J. F. Wendell*, District Attorney, and *Attorney-General Love*, for Respondent.

By the COURT :

The defendant was convicted of murder in the first degree, and has appealed from the judgment and from the order denying his motion for a new trial. We are asked to

reverse the judgment on the ground that the Court below erred, first, in refusing to set aside the indictment; second, in the instructions to the jury; and third, in denying the defendant's motion for a new trial.

The first point is not well taken. The indictment was found by a special grand jury, summoned under the order of the Court as authorized by sections 226 and 241 of the Code of Civil Procedure. It contained a sufficient number of qualified grand jurors to constitute a valid grand jury, and they were duly sworn and impaneled. They were qualified to transact any business which came properly before them, and their investigations need not necessarily have been confined to the case of the defendant. It was, in all respects, a valid grand jury for every purpose; and the indictment was found by the requisite number. Two of the number were challenged by the defendant and the challenge was allowed. But it is not pretended that these two were present at the deliberations of the remaining members, on the case of the defendant, or took any part in the finding of the indictment. The indictment was properly found, and there was no error in refusing to set it aside.

Nor did the Court err in charging the jury that where insanity is relied upon as a defence, the burden of proof is on the defendant, and that " the proof must be such in amount, that if the single issue of the sanity or insanity of the defendant should be submitted to the jury in a civil case, they must find that he was insane;" or, in other words, that insanity must be clearly established by satisfactory proof. There is considerable contrariety in the authorities on this point; some of which hold that it will be sufficient to acquit the defendant, if the jury shall entertain a reasonable doubt as to his sanity. But in this State a different rule has been established, and we see no reason to depart from it.

The third and fourth instructions, we think, properly defined the rule by which the sanity or insanity of the defendant was to be tested. Possibly it might not be entirely satisfactory, as applied to every conceivable phase of insanity; but it is about as definite and satisfactory as any general rule on the subject could be made; and we see

nothing in this case requiring the application of a different rule—if, indeed, there be a more satisfactory test in any case than that propounded in these instructions.

The ground chiefly relied upon on the motion for a new trial was newly discovered evidence; and we would be strongly inclined to grant a new trial on this ground, if we could do so without violating established rules of law. The circumstances of the homicide appear to indicate an entire absence of the motives which usually prompt men to deeds of violence. The accused and the person whom he attempted to shoot had no previous quarrel, nor had anything occurred to excite the passions of any reasonable mind. But there was evidence tending to prove that the defendant was laboring under a delusion that he was being persecuted by members of the Catholic Church generally. Several circumstances were proven at the trial, tending strongly to show, that his mind was in a morbid and diseased condition on this subject, and his conduct on the day preceding the homicide, fortified this presumption. An innocent and harmless remark by one of his fellow-laborers, not addressed to, or having any reference to the defendant, appeared to excite in him an ungovernable rage, for no other reason apparently than that the other was a Catholic. It was also proved, that for some months previously, there had been a decided change in his usual demeanor. He had become gloomy, morose and silent, and talked somewhat incoherently when speaking of the Catholic Church and its members, who, he imagined, were persecuting him. When arrested, he had neither the means or the inclination to employ counsel for his defense; and after the Court had appointed able counsel to defend him, he was reluctant to give them any information which would enable them to prepare for his defense. Most of these facts were submitted to the jury, whose province it was to decide upon his sanity. After his conviction, his counsel, by the exercise of unusual diligence, discovered several other witnesses whose affidavits were produced, to the effect that they had known the accused, more or less intimately, for a considerable time before the homicide, and detailing similar circumstances to those already mentioned,

indicating his delusion in respect to the Catholic Church and its persecution of him.

The objection to the newly discovered evidence as a ground for new trial, is that it was all cumulative in its character, and it is well settled that such evidence is not of itself sufficient to authorize a new trial. Moreover, the Court below, which tried the case, had a better opportunity than we to judge of the probable effect which the newly discovered evidence would produce upon another trial, and for these reasons we do not feel justified in disturbing the verdict, but are constrained by the settled rules of law to affirm the judgment. If any injustice shall result, the remedy is to be found in an appeal to the executive.

Judgment affirmed—remittitur forthwith.