[No. 10,122.]

THE PEOPLE v. FREDERICK J. WILSON.

PROOF OF INSANITY.—When, in a criminal case, the insanity of the defendant, at the time of the commission of the offense, is relied on as a defense, it is not necessary that it should be proved beyond a reasonable doubt, but may be proved by a preponderance of evidence.

APPEAL from the County Court, San Benito County.

The defendant was indicted for an assault with intent to commit a robbery, and convicted, and appealed.

14    P̶EOPLE *v.* WILSON.    [Sup. Ct.

The other facts are stated in the opinion.

*Murphy Shackelford & McPheters,* for the Appellant, cited Wharton and Stiles' Medical Jurisprudence, Secs. 262 to 266.

*Attorney-General Love,* for the People.

By the COURT:

Insanity of the defendant at the time of the commission of the alleged offense was one of the defenses relied upon at the trial. On this point the Court charged the jury: "You cannot acquit him on the ground of insanity, because a doubt may arise in your minds on the question. His insanity must be made to appear to you beyond a reasonable doubt." Some of the authorities hold this to be the correct rule; but in this State the contrary rule has been settled by several decisions of this Court, the latest of which was in the case of the *People* v. *McDonell* (47 Cal. 134.) In that case we held that while the burden of proof is on the defendant to establish the insanity, it is sufficient to prove it by a preponderance of evidence; in other words, that "insanity must be clearly established by satisfactory evidence."

Judgment reversed, and cause remanded for a new trial.

WALLACE, C. J., concurring:

As to whether a prisoner, relying upon the defense of insanity at the time of the commission of the act charged against him as a crime, may rest upon mere preponderating evidence of the fact of insanity, or must go further and establish his alleged insanity beyond a reasonable doubt, is a question upon which the authorities are in conflict. In view of the notorious facility with which this defense is often availed of to shield the guilty from just punishment, I should, if the matter were *res integra* in this Court, be inclined to adopt the latter rule. But in the case of the *People* v. *Coffman* (24 Cal. 230), the question was thoroughly

considered here, and it was held that insanity might be established in a criminal case by the same amount of evidence by which it might be established in a civil action involving the question — that is, by mere preponderating evidence; and, upon the authority of that case, I concur in the judgment in this case.