[No. 10,659.—Department Two.]

## THE PEOPLE. v. HENRY WREDEN.

MURDER—INSANITY—EXPERT—OPINION OF WITNESSES—EVIDENCE.—Upon the trial of an indictment for murder—in which the defense of insanity was relied upon—a witness, after testifying to a conversation he had with the accused in the forenoon of the day of the alleged homicide, was asked the question, "From his appearance, his actions, his condition, and conversation, what was the state of his mind?" and the Court excluded the evidence on the ground that the witness was not competent to answer it, no foundation having been laid.

   *Held:* The exception to this ruling must be sustained. A witness, even though not an expert, who details a conversation between himself and another, may also in connection therewith state his opinion, belief, or impression, as to the state of mind of such person as it seemed or appeared to the witness at the time of the conversation.

ID.—ID.—ID.—ID.—ID.—The following question was put by the District Attorney to a witness for the prosecution: "Then taking your knowledge of his having been drinking, *and what you had heard,* and his appearance and conduct at the time, the impression made on your mind was simply that he was a drunken man?"

   *Held:* The witness should not have been permitted to testify to an impression which might have been produced by what he had heard any other person than the accused say.

ID.—REASONABLE DOUBT—INSTRUCTIONS. — In one of the instructions of the Court the jury were told that if they entertained "a reasonable doubt of the insanity of the person he must be acquitted," and in another that it was not sufficient that they "should merely entertain a reasonable doubt as to his sanity," and in a third that insanity "is not

proved by raising a doubt whether it exists or not." *Held:* These instructions are clearly contradictory.

ID.—ID.—ID.—In another instruction the Court in effect charged the jury, that where insanity is relied upon, *it must be clearly established* by satisfactory proof.

*Held:* This was in effect to instruct the jury, that the defense of insanity should at least be proved beyond a reasonable doubt; this was error.

ID.—CONFESSION—EVIDENCE.—Some of the witnesses for the prosecution were permitted, against the objection of the appellant, to testify to what he said at or about the time of his arrest; and it was objected by the defendant, that the declarations referred to amounted to an admission or a confession, which should have been excluded on the ground that it was made under inducements.

*Held:* There is no evidence of the defendants having said anything which can be construed as an admission or a confession; but the Court erred in refusing to give an instruction requested by the accused, that "If at the time of making the alleged statements, the jury were satisfied that the defendant was insane, they should disregard them entirely." The utterances of an insane man ought not to be treated as evidence against himself even; and while the witness did not testify as to his having said anything that would amount to an admission of guilt, it might, in connection with other evidence, have a tendency to prove him guilty.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of Stanislaus County. HEWELL, J.

*W. E. Turner,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

SHARPSTEIN, J.:

The appellant was tried on a charge of murder, and convicted of manslaughter. The transcript is quite voluminous, and the number of exceptions unusually large. We shall confine our attention to the exceptions which we think were well taken.

Insanity was very much relied upon as a defense, and the Court seems to have labored under the impression, that a witness who was not an expert should not be permitted to state his opinion upon the question of the sanity of the accused. One Williams, a witness for the defense, testified that he had known the accused intimately for the period of twelve years, and that he saw him in the forenoon of the day on which it is alleged that the homicide was committed. He

described quite fully the appearance of the accused, and detailed a conversation which he had with him at that time. The witness was then asked this question: "From his appearance, his actions, his condition, and conversation, what was the state of his mind?" The Court sustained an objection to this question, on the ground that the witness was not competent to answer it, no foundation having been laid. We think that the exception to this ruling must be sustained. As was said by this Court in *People* v. *Sanford,* 43 Cal. 29: "We understand the rule on this point to be, that a witness, even though not an expert, who details a conversation between himself and another, may also, in connection therewith, state his opinion, belief, or impression as to the state of the mind of such person as it seemed or appeared to the witness at the time of the conversation." And that accords with our construction of Subdivision 10 of Section 1870 of the Code of Civil Procedure.

The following question was put by the District Attorney to a witness for the prosecution: "Then taking your knowledge of his having been drinking, *and what you had heard,* and his appearance and conduct at the time, the impression made on your mind was simply that he was a drunken man?" The counsel for the accused objected to the question on the grounds that it was hypothetical and improper. The objection was overruled, and the witness answered: "I concluded that he was very drunk—crazy drunk." The objection should have been sustained. The witness should not have been permitted to testify to an impression which might have been produced by what he had heard any other person than the accused say.

Some of the instructions of the Court to the jury are clearly contradictory. In one they were told that if they entertained "a reasonable doubt of the sanity of the person he must be acquitted," and in another that it was not sufficient that they "should merely entertain a reasonable doubt as to his sanity," and in a third that insanity "is not proved by raising a doubt, whether it exists or not." It is quite clear that some or all of these instructions must be erroneous. One of these instructions reads as follows: "I charge you that where insanity is relied upon as a defense, the burden of

proof is on the defendant, and the proof must be such in amount that if the single issue of sanity or insanity of the defendant should be submitted to the jury in a civil case, they would find that he was insane, or in other words, that *insanity must be clearly established* by satisfactory proof; it is not sufficient that you should entertain a reasonable doubt as to his sanity, but the proof must be satisfactory and the fact of insanity *clearly established."* In a late case *(People* v. *Wilson,* 49 Cal. 13), it was held to be well settled, in that State, that insanity, in order to constitute a defense in a criminal action, need not be proved beyond a reasonable doubt, but that it might be established " by mere preponderating evidence." Is not the expression " *clearly* established by satisfactory proof" the full equivalent of " established by satisfactory proof beyond a reasonable doubt" ? How can a fact be said to be clearly established so long as there is a reasonable doubt whether it has been established at all ?

There can be no "reasonable doubt" of a fact after it has been clearly established by satisfactory proof. "Clearly," according to Webster's definition of it, means "in a clear manner; without obscurity; without obstruction; without entanglement or confusion; without uncertainty," etc. And that is doubtless the sense in which it is popularly understood. The definition of " a reasonable doubt," given by Mr. Chief Justice Shaw, which has been generally approved by the courts, is as follows: " It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they can not say they feel an abiding conviction to a moral certainty of the truth of the charge; * * * a certainty that convinces and directs the understanding, and satisfies the reason and judgment of those who are bound to act conscientiously upon it." *(Commonwealth* v. *Webster,* 5 Cush. 320.) A juror would have no excuse for saying that he did not " feel an abiding conviction to a moral certainty" of the truth of a fact which had been "*clearly* established by satisfactory proof." Such proof, if any could, would convince and direct the understanding, and satisfy the reason and judgment of a conscientious juror.

Under the instruction given it was the duty of the jury to

require that the defense of insanity should at least be proved beyond a reasonable doubt.    This was error.

Some of the witnesses for the prosecution were permitted, against the objection of the appellant, to testify to what he said, at or about the time of his arrest.    His counsel seems to think that what the witnesses testified to his then having said, amounted to an admission or confession which should have been excluded on the ground that it was made under inducements.    We have examined the testimony upon this point with some care, and are unable to find that there is any evidence of his having said anything which can be construed to be an admission or confession, as those words are defined in *People* v. *Parton*, 49 Cal. 632.    But we think that the Court erred in refusing to give an instruction requested by the accused, that "if at the time of the making of the alleged statements" the jury were "satisfied that the defendant was insane," they "should disregard them entirely, no matter what caused the insanity."

It is quite obvious that the utterances of an insane man ought not to be treated as evidence against himself even.    And while the witnesses did not testify to his having said anything that would amount to an admission of guilt, it might, in connection with other evidence, have a tendency to prove him guilty.

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., and MORRISON, C. J., concurred.