The opinion of the Court was delivered by
Lew, J.
The defendants were indicted for the crime of murder, and found by a jury guilty of manslaughter, and by judgment of the-Criminal District Court for the Parish of Orleans, sentenced each to imprisonment at hard labor in the State Penitentiary, for the term of five years, from which sentence and judgment they have taken this appeal.
The principal complaints of the defense, and on which they mainly rely for a reversal of the judgment, are as follows :
1. Of error of the Judge a qtto in his charge to the jury, relating to the law of evidence, on the question of insanity.
2. Of error in the principles of law laid down by the Judge in the same charge, relative to self-defense.
3. Of error of the Judge in overruling several of defendants’ challenges for cause, to their manifest injury and prejudice.
First. Defendants except to the following portion of -the Judge’s charge: “ Among the different modes of defense relied on, in cases like the present, the plea of temporary mental derangement, or, technically, of transitory mania, may he set up in behalf of the accused, and facts to establish it are admissible in evidence, as tending to show want of criminal intent, and therefore of malice, and therefore of guilt, in the commission of the act forming the basis of the indictment. Here the burden of proof is made to shift from the State to the defense. The defense, and not the State, must then prove that sanity, ‘ the normal condition of the human understanding,’ did not exist in the accused on the occasion and at the occurrence referred to in the charge. But to have any serious weight in the eyes of the jury, such alleged unsoundness of the mind, or momentary insanity, must be shown to have been an undoubted fact, not before or after, but at the very time the unlawful act *188 complained of was committed. It is at that particular time that it must be established beyond a reasonable doubt, that there existed, on the part of the accused, no capacity to discern right from wrong, as to the act forming the basis of the charge. Unless the jury be satisfied in this respect, such a plea necessarily falls, and the presumption of sanity remains unshaken, and needs no evidence in its support.”
The defense insists that the error lies in the instruction, that the alleged insanity must be shown to be an undoubted fact, or in other words, “ it must be established beyond a reasonable doubt, that there, existed, on the part of the accused, no capacity to discern right from wrong, as to the act forming the basis of the charge. Unless the jury be satisfied in this respect, the presumption of sanity remains unshaken and needs no evidence in its support.”
We have been at great pains to examine the text writers on criminal law, and not only the decisions cited both by counsel for the State and the defense,’ but such other authorities within our reach, which are applicable to and have a bearing on this question. We have considered also the English writers and English decisions on the subject.
In Wharton’s Criminal Law, Yol. 1, Sec. 16, it is said, quoting an English decision: “ The jury ought to be told, in all cases, that every man is presumed to be sane, and to possess a sufficient degree of reason to be responsible for his crimes, until the contrary be proved to their satisfaction ; and that to establish a defense on the ground of insanity, it must be clearly proved that at the time of committing the act, the party accused was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing, or if he did know it, that he did not know he was doing what was wrong.” In Section 55, same volume: “ By the common law every man is presumed to be sane until the contrary be proved; and the better opinion is, that when insanity is set up by the defendant, it must be proved as a substantive fact by the party alleging it, on whom lies the burden of proof; ” and he cites the following American authorities: 4 Cranch C. C. 514; Attorney vs. Parnther, 3 Brown C. C. 441; 1 Curtis, 1; State vs. Spencer, 1 Zabriskie, 202; 8 Jones N. C. 463; 1 Strobbart, 479; 5 Ala. 244; 20 Cal. 518; 20 Grattan, 860; 7 Gray, 583; and in Section 55, on the other hand, he states : “ If a plea to the jurisdiction is entered, to the effect, for instance, that the offense alleged was committed in a foreign country against a foreign prince, or if there be a motion for a transfer of venue, the court, in ruling the question, has nothing to do with the presumption of innocence or guilt. It is governed by a preponderance of testimony. A fortiori must this be the case on the issue of insanity, when the defense is not partial or *189 'exceptional, but universal and thorough unamenaUlity to criminal process.”
In 1 Arclibold’s Crim. Prac. and Plead., p. 87, note 1, 7th Edition, it is said: “ The law presumes a man sane until the contrary is proved. Hence, it has been repeatedly decided that the evidence of the prisoner’s insanity, at the time of the act, ought to be clear and satisfactory.” State vs. Spencer, 1 Zabrislcie, 196. “ The proof of insanity at the time of committing the act, ought to be as clear and satisfactory, in order to. acquit him on the ground of insanity, as the proof of committing the act ought to be, in order to find a sane man guilty.” Ibid. 21 Mo. 464, to the same effect.
In addition to the English common law authorities and decisions, we find the doctrine enunciated in the charge of the Judge .a quo, adopted in numerous decisions of the Courts of States of this Union.
■ “ The law demands such evidence in support of the defense of insanity as will satisfy the jury, that when the defendant committed the act he was insane.” 53 Mo. 267; 2 Green’s Crim. Rep. 597; 16 B. Mor. 587. “It must be proved, that at that time, the accused was laboring under such a defect of reason as not to know the nature and quality of the act he was doing, or, that he did not know he wasdoing wrong, and this must be clearly established.” 3 Smedes and Marshall, 518; 47 Cal. 134; 2 Green’s Crim. Rep. 441. The contrary doctrine is held in 11 Kansas, 32; 2 Ind. 170; 3 Heiskell, 348.
In 20 Grattan, 860, we find: “ Where the prisoner relies on the defense of insanity, he must prove it to the satisfaction of the jury. If upon the. whole evidence they believe he was insane wdien he committed the act, they should acquit him; but not upon any fanciful ground, that though they believe he was then sane, yet, as there may be a rational doubt of such sanity, he is therefore entitled to an acquittal.” “ Insanity must be established by evidence in the case with the same clearness and certainty as any other fact alleged in defense; that is to say, the proof must be such in amount that if the single issue of the sanity or insanity of the defendant should be submitted to the jury in a civil case, they would find that he was insane.” 24 Cal. 230; 39 Cal. 690; aliter, 49 N. H. 399; 57 Maine 574; 7 Gray 583.
In Pennsylvania, when a homicide is admitted and insanity alleged as an excuse, the prisoner will be presumed to have been sane, until the contrary is made to appear in his behalf. The evidence to establish insanity as a defense must be satisfactory and not merely doubtful. 76 Penn. St. 414; 77 Ib. 205; aliter, 43 Mo.
In New Jersey, when the defense is insanity, the burden of proof is on the prisoner, and the jury must be satisfied of the insanity beyond a reasonable doubt. 1 Zabr. 197; 47 Cal. 134.
*190 In the ease of Newomb vs. State, 37 Miss. 405, the Court held : “ The presumption is that a man is of sane mind, and unless that presumption be removed by proof, it must likewise stand. Hence, if it be established by legal evidence that he has committed an act criminal in law, the presumption in law being that he was of sane mind, that presumption is not overcome by the mere probability that he was insane, but will stand until overthrown by evidence ; and, therefore, mere probability of insanity cannot prevail over the presumption of sanity, so as to work the acquittal of the party on the ground of insanity. Accordingly it is laid down, that in order to establish a defense on the ground of insanity, it must be clearly proved.” 2 G-reenleaf Evid. § 373.
With all the conflicting views and authorities before us, we are of the opinion-that the rule, as recognized and laid down in the charge of the Jodge a quo, does not contain error, and should not be overruled.
To adopt the doctrine contended for by the defense, would, in our opinion, be productive of most baneful results to society, and tend to shield wrong-doers from the penalties of the law by the invocation of a plea containing in itself an affirmative proposition, the proof to sustain which would require only the flimsy evidence upon which a doubt might hang. We do not think that the onus of negativing the affirmation of insanity should be thrown upon the prosecution, but rather that positive and certain proof should be required to sustain it. The defendant should not be allowed to escape punishment for his wrongful act, unless it be proven clearly and satisfactorily that, by reason of insanity and incapacity 'to discern between right and wrong, existing at the time when the crime or offense is charged with having been committed, he was irresponsible for his act. When this special plea or defense is set up, to do away with a legal presumption, universally recognized as applying to persons charged with crime, based upon what is-regarded as a physical and physiological fact, the interests of the commonwealth and the safety of society demand that the affirmative allegation on which he relies to establish in his case an exception to such general rule and fact, should be established beyond a- reasonable doubt. We, therefore, do not think the prosecution should be required to prove sanity, but the proof of insanity is thrown on the accused, who affirmatively alleges its existence. The prosecution must prove all its essential affirmative allegations beyond reasonable doubt; the burden of proof on this plea rests upon the defense urging it, and its truth must be, also, established beyond reasonable doubt. See 27 A. 692.
Second. We next consider the objection of the defense in regard to the charge to the jury in regard to the law of self-defense, on the ground that it does not- give “ a full, clear and complete exposition of the law *191 of self-defense.” The charge on this point, as given, purports to set forth “ that excusable homicide is caused by accident, or misadventure, or is an act committed in self-defense,” and then proceeds to give some illustrations of circumstances under which a killing of a person would fall under the head of excusable homicide. This was an instruction laying down the general principles as related to what in the abstract constituted excusable homicide. No effort was made by the defendant to have specific instructions given to the jury as ‡0 the application of the law of self-defense to a given state of facts. He had the right to demand of the Court specific instructions on the point, but failed to do so. In State vs. Bogain, 12 A. 264, the Court held: “ If the prisoner wished any additional instructions to be given to the jury, his counsel should have prepared them and submitted them to the Court.”
Under our view, the portion of the charge objected to, as above stated, contained no unsound law, but, as an illustration, cited one of the cases of self-defense which formed excusable homicide, and the defendant might have had, if requested by him, a more detailed and complete exposition of special or more extended cases; but lie did not ask for it, and we do not think that after the general instruction that self-defense was within the rule as to excusable homicide, he should enter into an exposition of all the circumstances under which the plea of self-defense would avail, or as to any particular state of facts, when not asked to do so by the defendant. See 2 Zabriskie, 59; 4 Halst. 153; 5 Cowen, 243. In 7 A. 284, it was held that even if an erroneous illustration be given, this will not vitiate a correct charge. See 8 A. 114; 6 A. 653.
The objection urged to the charge, in the respect above mentioned, cannot prevail.
Third. It is urged by the defense that there was error on the part of the Court a quo “ in overruling several of defendants’ challenges for cause, to their manifest injury and prejudice.”
We are unable to perceive any diiference between the substance of the answers of the jurors on their voir dire and those given in other cases on which the Court has made repeated adjudications, maintaining the competency of such jurors. In the,present case, the jurors all declared that they had formed no fixed or deliberate opinion which prejudiced them against the prisoners, and that they would decide the case according to the evidence adduced on the trial; that the opinions, which in some instances they had formed and expressed, would not prevent them from rendering justice between the State and the accused. The case of State vs. Johnson, 33 A. 890, recently decided.by us, covers the grounds of the objections herein, and is as strong as could bo pre *192 Rented. There this Court said : “ The first bill of exceptions was taken to the ruling of the court as to the competency of the juror Putnam, This juror having been sworn on his voir dire, was asked by prisoner’s counsel if he had formed an opinion as to the guilt or innocence of the defendant, and he answered that he had; that it was such an opinion as would require testimony to overcome; that, at least, the testimony of one honest witness having knowledge of all the facts connected with the charge, would be necessary to put the juror’s mind in an even-balanced state. The court propounded the following question to the juror : ‘ Is your mind in that condition that you can go into the jury box and serve as a juror in this case, giving exact justice between the State and the accused, and try this case from the evidence as given to you by the witnesses, and from the law as given to you by the court, without regard to any impression or opinion you have formed with regard to his guilt or innocence ? ’ and lie answered, ‘Yes, sir!’ The prisoner challenged the juror for cause, and the court held that he was a competent juror, and that his answers showed that ‘he was impartial, although his statements were somewhat confused.’ The juror was then challenged peremptorily by the accused. We think the juror was competent. He had evidently formed no such fixed opinion as would disqualify him. The question propounded by the court was a clear and explicit one, which probed, to the core, the conscience of the juror, plain and intelligible and easy of comprehension by a mind of even ordinary intelligence, and, although, as remarked by the Judge a quo, his answers were ‘ somewhat confused,’ that given to the court was clothed with no ambiguity, but was direct and fully responsive, and established his competency.”
In 32 A. 1241, we said : “ Exception was taken to the competency of a juror who stated, on his voir dire, ‘ that he had heard a good deal of the case at bar and had formed and expressed an opinion as to the prisoner’s guilt or innocence, but that if what he had heard was proven to be untrue, and if the evidence proved the reverse of what had been told him, being open to conviction, and his mind not at rest as to the guilt or innocence, he was willing to change that opinion and would decide the case according to the evidence and the law, notwithstanding what he had heard.’ It has been repeatedly held by this Court that the formation and expression of an opinion as to the guilt or innocence of the accused, based on mere rumor, accompanied by no ill-will, prejudice or bias against the accused, and not such as to prevent the juror from deciding according to the evidence and the law, without regard to former impressions, is not a disqualification.” 14 A. 462; 14 A. 693; 23 A. 148; 29 A. 642.” See also 27 A. 692; 6 A. 653.
We, therefore, consider that there was no error in the ruling of the *193 Judge a quo, as to tlie competency of the jurors, who iu this .case were challenged for cause.
The bill of exceptions taken to tlie ruling of tlie court on tlie motion for continuance, cannot prevail, nor that in regard to tlie right of the I>risoner to be furnished with a list of the tales jurors that were sum7 moiled, and those rulings must remain undisturbed. ...
The sentence and judgment appealed from, are affirmed at appellants’ costs.
Bermudez, C. J., takes no part in this decision.