[No. 20679.   Department Two. — November 5, 1890.]

# THE PEOPLE, RESPONDENT, v. JAMES M. EU-BANKS, APPELLANT.

CRIMINAL LAW — HOMICIDE — INSANITY — BURDEN OF PROOF — PREPON-DERANCE OF EVIDENCE — REASONABLE DOUBT — INSTRUCTION — ERROR WITHOUT PREJUDICE. — Upon the trial of a defendant charged with mur-der, an instruction to the jury that the burden was upon the defendant to prove the defense of insanity by a preponderance of evidence is not prejudicially erroneous, where it appears that the defendant admitted being guilty of the crime of murder, and claimed as the sole defense that he had inherited from an insane mother an impaired mentality, which had been further weakened by the use of alcoholic liquors, and that his men-tal condition was such at the time of the homicide that he could not have entertained malice in the shooting and should not be found guilty of murder in the first degree, or at least should not be subjected to the death penalty, and it further appearing that the jury was charged to give him the benefit of every reasonable doubt as to all other matters, including his defense, and that, as to such matters, he was not required to prove them by a preponderance of evidence.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The facts are stated in the opinion.

*H. V. Morehouse,* and *Hiram D. Tuttle,* for Appellant.

*D. W. Burchard, C. L. Witten,* and *H. L. Partridge,* for Respondent.

FOOTE, C. — The defendant was convicted of murder in the first degree, and is under sentence of death.   He appeals from the judgment therein rendered, and from the order denying a new trial.   The main ground upon which he bases his contention for a reversal of the judg-ment and order is, that the court gave, in its charge to the jury, of its own motion, among other things, this in-struction: " Upon the issue of insanity, the evidence must be such in amount that if the single issue of the sanity or insanity of the defendant should be submitted to you

in a civil case you should find that he was insane. In all other matters, except that of insanity, the defendant is entitled to the benefit of every reasonable doubt."

The claim of the defendant is, to quote the language of his closing brief: "The appellant does not claim that he is innocent. He does not claim that he ought not to be punished. But he does claim that the facts in this case do not warrant a punishment of death; that he is only guilty of murder in the second degree, and if guilty of murder in the first degree, the death penalty should not be affixed. He bases this contention upon the proposition that, from the long and excessive use of intoxicating liquors, and from inheritance from his mother, he was, at the time of the homicide, and for a long time prior thereto, of a weak and enfeebled mind, and incapable, by reason of this mental infirmity, of conceiving that malice requisite to constitute murder in the first degree."

His defense on the trial, as stated by his counsel in the presence of the court, and to the jury, was: "That the defense in this case stands in the remarkable attitude, from beginning to end, that the defendant was guilty of the crime of murder, but they would endeavor to establish that the defendant inherited from an insane mother an impaired mentality; that, at the time of the homicide, the defendant's mind had been further weakened by a long and continuous use of alcoholic liquors, and that his mental condition was such at the time of the homicide that he should not be adjudged guilty of murder in the first degree, or, at least, he should not be subjected to the death penalty; that, as the law divided murder into first and second degrees, the defense would offer testimony showing the impaired mental condition of the defendant's mind, for the purpose of rebutting malice, and for the purpose of reducing the degree of crime from the first to the second degree, or if they failed in that, still the law permitted the jury to affix imprison-

ment for life as the penalty for the crime, and the defense would therefore attempt to show that the mind of the defendant was so weakened that the death penalty should not be affixed."

The evidence offered on this head was admitted. The uncontradicted evidence showed that the defendant had shot his own child, a girl just verging upon womanhood, through the heart, with a shot-gun, without any provocation or excuse. Self-defense was not set up; to prove an *alibi* was not attempted; insanity, as we have seen, was not pretended, because if it was present at the time of the killing, the defendant could not be guilty of murder, or any other crime, and must have been acquitted; and he admits he was guilty of murder. But it was hoped to raise in the minds of the jury a reasonable doubt whether, from the somewhat weakened mental condition of the defendant, it being contended that such weakness existed, he could have entertained malice in the shooting, or, from the fact that such a defense as was set up had some shadow-of evidence to support it, that the jury might be induced not to inflict the death penalty upon him.

It is plain, then, that the defendant did not pretend, either in his defense or in the evidence to support it, that he was insane at the time of the killing; so that the instruction (assuming it to be wrong under the decision of the Bushton case, 80 Cal. 160) that the burden was upon him to prove that defense by a preponderance of evidence could not have misled the jury. They could not but plainly see that he was not relying upon the defense of insanity; that he made no pretense of being entitled to an acquittal on that account. Hence they were clearly told in the charge that as to all other matters, including his peculiar defenses, as above indicated, they must give him the benefit of every reasonable doubt, and that as to such matters he was not required to prove them by a preponderance of evidence. And it further

appears that as to all those things upon which he based his defense, the court gave full and complete instructions, giving him the benefit of all that he claimed or asked for at the hands of the jury, and as to all other questions upon which the jury needed instruction, they were fully and clearly charged by the court.

Perceiving no prejudicial error in the record, we advise that the judgment and order be affirmed.

BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.