[Crim. No. 2200. In Bank.—March 18, 1919.]

## THE PEOPLE, Respondent, v. R. MORISAWA, Appellant.

[1] CRIMINAL LAW — INSANITY AS DEFENSE — MEANING OF.—Insanity interposed as a defense in a criminal prosecution means such a diseased and deranged condition of the mental faculties as to render the person incapable of distinguishing between right and wrong in relation to the act with which he is charged.

[2] ID.—ELEMENTS OF DEFENSE—IRRESISTIBLE IMPULSE INSUFFICIENT. In order to establish the defense of insanity in a criminal prosecution it must be proved by a preponderance of evidence that at the time of committing the act the party accused was laboring under such a defect of reason, from disease of the mind, temporary or otherwise, as not to know the nature and quality of the act he was doing, or if he did know it, that he did not know he was doing what was wrong; and an irresistible impulse to commit an act which one knows is wrong or unlawful does not constitute the insanity which is a legal defense.

[3] ID.—QUESTION OF INSANITY—APPEAL.—Where the evidence is such that the question of insanity was one for the jury and for the trial court on motion for a new trial, an appellate court may not question the correctness of the conclusion.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Emmet Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. N. Vallandigham for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

ANGELLOTTI, C. J.—Defendant was convicted of murder in the first degree for the killing of one N. Daitoku. He appeals from the judgment pronounced upon such conviction and from an order denying his motion for a new trial.

The killing was admitted, and the defense was insanity. Complaint is made of the instructions given by the trial court as to the test of insanity. [1] Upon this matter the instructions were in accord with the well-settled law of this state, being substantially to the effect that insanity interposed as a defense in a criminal prosecution means such a diseased and deranged condition of the mental faculties as to render the person incapable of distinguishing between right and wrong, in relation to the act with which he is charged; [2] that in order to establish the defense, it must be proved by a preponderance of evidence that, at the time of committing the act, the party accused was laboring under such a defect of reason, from disease of the mind, temporary or otherwise, as not to

know the nature and quality of the act he was doing, or if he did know it, that he did not know he was doing what was wrong; that if the defendant at the time he fired the shot at the deceased, if he did so fire, understood the nature of his act, and knew it was wrong and deserved punishment, he is legally responsible for his act, if committed as charged in the information; that the true test of insanity is whether at the time of committing the crime he was conscious that he was doing what he ought not to do; and that if the defendant was in that mental situation in which he did not appreciate the act he was committing, and he did not know it was wrong to do it, that, of course, would be a legal defense.

Counsel for defendant, as we understand it, claims that the instructions were erroneous in not including, in addition to the elements stated, the element of "power" on the part of the defendant "to adhere to the right and avoid the wrong," "the power to govern his body." In other words, and as it was put by the appellant in *People* v. *Hoin*, 62 Cal. 120, [45 Am. Rep. 651], "the mere intellectual knowledge of right and wrong is not enough to defeat a defense of insanity, unless with such knowledge the defendant also has the volitional power to choose the one instead of the other, . . . the power to do or not do the killing under the guidance of such knowledge." In the Hoin case it was said by the court: "Such irresistible impulse to commit an act which he knows is wrong or unlawful does not constitute the insanity which is a legal defense." This is now so firmly settled in California as not to require discussion. (*People* v. *Hoin, supra; Marceau* v. *Travelers' Ins. Co.*, 101 Cal. 342, [35 Pac. 856, 36 Pac. 813]; *People* v. *Ward*, 105 Cal. 335, 343, [38 Pac. 945]; *People* v. *Hubert*, 119 Cal. 216, 223, [63 Am. St. Rep. 72, 51 Pac. 329]; *People* v. *McCarthy*, 115 Cal. 255, 262, [46 Pac. 1073]; *People* v. *Barthleman*, 120 Cal. 7, 11, [52 Pac. 112]; *People* v. *Owens*, 123 Cal. 482, 489, [56 Pac. 251]; *People* v. *Methever*, 132 Cal. 332, [64 Pac. 481].)

There is no merit in the claim that the evidence was such as to compel a conclusion that defendant was insane at the time of the commission of the homicide. [3] The evidence was such that the question was one for the jury, and for the trial court on motion for a new trial, and an appellate court may not question the correctness of the conclusion there reached.

Examination of the record shows that the defendant was accorded every substantial right by the learned judge of the trial court, and that there is no good reason for a reversal.

The judgment and order denying a new trial are affirmed.

Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.