[Crim. No. 551. Department Two.—December 29, 1899.]

THE PEOPLE, Respondent, v. JESSE E. HAWKINS, Appellant.

CRIMINAL LAW—TRIAL AFTER SIXTY DAYS—DISMISSAL—WAIVER BY DEFENDANT.—No duty is incumbent on the court to order the dismissal of a criminal charge under section 1382 of the Penal Code, on the ground that a defendant whose trial has not been postponed upon his application is not brought to trial within sixty days after the finding of an indictment, or the filing of an information. unless the defendant demands such dismissal. The

right of the defendant to demand such dismissal may be waived by him, and is waived, where the defendant is brought to trial by the impaneling and swearing of a jury to try the case, without previous objection that the sixty day limit had expired.

ID.—IMPANELING OF JURY PART OF TRIAL—JEOPARDY.—The impaneling of the jury is a part of the trial, and the defendant is on trial, and his legal jeopardy attaches, when the jury has been impaneled and sworn to try the case; and he cannot then object for the first time that the trial is too late.

ID.—ASSAULT WITH DEADLY WEAPON—EVIDENCE—ATTEMPT AT VIOLENCE—QUESTION FOR JURY.—Where the evidence tends to indicate an attempt at violence by the defendant in the use of a deadly weapon, the question is properly left to the jury, and its verdict of guilty of an assault with a deadly weapon will not be disturbed upon appeal.

ID.—RESISTANCE OF ARREST.—Where it is clear that the defendant knew that an officer, called in for the purpose of arrest, shortly after the assault, intended to arrest him, although the officer did not in words inform him of such intention, evidence that the defendant, with force and arms, resisted the arrest is admissible for the prosecution.

ID.—ASSAULT WITH INTENT TO MURDER—HARMLESS OMISSION IN REQUESTED INSTRUCTION—ACQUITTAL OF CHARGE.—Where a defendant charged with an assault with intent to murder was convicted of an assault with a deadly weapon, and thereby acquitted of the charge of an intent to murder, any alleged error in omitting part of a requested instruction upon that charge is harmless, and cannot have prejudiced the defendant.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. W. B. Wallace, Judge, presiding.

The facts are stated in the opinion.

Forest L. Alford, and E. W. Holland, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant Attorney General, for Respondent.

BRITT, C.—1. On December 2, 1898, an information was filed by the district attorney in the court below accusing defendant of the crime of assault with intent to murder, specifying also that the assault was committed with a deadly weapon. Section 1382 of the Penal Code contains the following provision: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

. . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information." January 13, 1899, the court made an order setting defendant's case for trial on February 3d, following. On said February 3d defendant was present in court with his counsel and announced that he was ready for trial; a jury was then impaneled and sworn to try the case; whereupon defendant moved the court to dismiss the action and discharge him, on the ground that he had not been brought to trial within sixty days after the information was filed. The court denied the motion; the trial proceeded and resulted in a verdict of guilty of an assault with a deadly weapon, upon which sentence of imprisonment was pronounced.

There is no duty incumbent on the court to order dismissal under said section 1382 unless the defendant demands it (*Ex parte Fennessy*, 54 Cal. 101); so that the right, like other statutory privileges of the accused which do not affect the jurisdiction of the court, may be waived. It is well settled that the impaneling of the jury is part of a trial (*Silcox v. Lang*, 78 Cal. 118); the legal jeopardy of the defendant has attached when a jury has been "charged with his deliverance," and the jury stands thus charged when its members have been impaneled and sworn. (Cooley's Constitutional Limitations, 6th ed., 399.) When, therefore, the defendant here moved for dismissal he had been "brought to trial," and was upon trial, without previous objection that the limit of sixty days had expired. If he could then raise the objection for the first time, he could raise it as well on the announcement of the verdict, or at any other stage of the trial. We are satisfied that the statute never was designed for such uses, and must hold that defendant waived its benefit (if he was entitled thereto) by failure to claim it in proper season. The following cases tend to sustain this conclusion: *People v. Bennett*, 114 Cal. 56, 58; *Polack v. Gurnee*, 66 Cal. 266; *People v. Romero*, 18 Cal. 89; *People v. Johnson*, 104 Cal. 418.

2. It is claimed that the evidence did not justify the verdict, chiefly, it seems, on the assumed ground that an attempt at actual violence was not proved. There was testimony for the prosecution tending to show the following circumstances: The

person assaulted was a girl about sixteen years of age who was employed as a domestic at the house of defendant's mother, where also defendant resided. Defendant was enamored of the girl, and she had accepted some attentions from another man; defendant, inflamed with jealousy and probably with liquor, caused the girl on a frivolous pretext to arise from bed and dress herself about the hour of 12, midnight, and come to him in an adjacent room. He told her "to say her last blessing," at the same time drawing a dirk knife and making a motion with it toward her; she seized his hand holding the dirk and begged him not to touch her; at this instant defendant's mother rushed screaming into the room and laid hold of him; other persons in the house were aroused and came in and tried to pacify the defendant; he said he would "die the death of a murderer; would die before the sun rises; would meet the girl in heaven before morning." A constable was summoned, and defendant with force and arms resisted arrest. It is plain that this evidence, which was given at the trial with much elaboration of detail, made a question for the jury whether defendant had attempted violence with the weapon upon the prosecuting witness, and that it sustains the verdict.

3. It is argued that the court erred in allowing evidence of the conduct of defendant at the time of his arrest, which followed a few minutes—possibly half an hour—after the assault. The only plausible ground advanced for this objection is that the officer did not state to defendant that his purpose was to arrest him. It seems unnecessary to set out the evidence on this point; although the officer did not in words inform defendant that he intended to arrest him, yet it is perfectly clear that defendant knew such to be his design. The evidence objected to was rightly admitted. (*People v. Ah Fook,* 64 Cal. 380; *People v. Fredericks,* 106 Cal. 554.)

4. Defendant requested the court to instruct the jury in substance that before he could be convicted of an assault with intent to murder it must appear that he had such intent and attempted to carry it into effect, "and was only prevented from so doing by some interposition not of his own will." The court gave the instruction, and much more of similar import, omitting, however, the words which we have quoted. Defendant

claims that the court erred in striking those words from the charge; it is sufficient to say in this behalf that since the jury found him guilty of an assault with a deadly weapon only, thus acquitting him of any intent to kill, it is impossible that he was injured by failure to instruct on the means by which he was prevented from effectuating an intent which he never had.

There is no material error in the record, and the judgment and order denying a new trial should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

McFarland, J., Temple, J., Henshaw, J.