THE PEOPLE *v.* QUILICHINI ET AL.

APPEAL from the District Court of Mayagüez.

No. 16.—Decided June 20, 1904.

APPEAL—GROUNDS OF APPEAL—BILL OF EXCEPTIONS.—Grounds of appeal which are not supported by the transcript of the record, and which are not sustained by a bill of exceptions, cannot be considered by the appellate court.

INFORMATION—DISMISSAL—TRIAL.—A defendant who submits to a trial without having moved for a dismissal of the cause on the ground that the information was not filed within the time fixed by law, will be deemed to have waived that right.

The facts are stated in the opinion.

*Mr. Smith,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the following opinion of the court.

This is an appeal taken by Santiago Quilichini from the judgment of the Mayagüez court which condemned him to pay a fine of $250.00 and Mojica and García $100.00 each, one-third of the costs to be paid by each of the three. The prosecuting attorney of the Mayagüez district, under date of April 15, 1903, filed a duly sworn information couched in the following terms:

"On the night of September 7, 1902, Santiago Quilichini, who owns a distillery in the municipality of Sábana Grande, which forms part of aforesaid judicial district, and with the malicious intention of defrauding the Insular Treasury of nine dollars, to be paid by him in internal revenue stamps, being the amount of the excise tax, took out of his warehouse twelve and one-half gallons of rum which

he caused to be delivered to Nicomedes Mojica, his intermediate agent, without providing him with any invoice showing that said tax had been paid, the said Mojica receiving the same knowing that it was contraband and carrying said rum to the store of Antonio García, who also knowing that it was contraband, bought from Mojica nine of the twelve and one-half gallons the latter had in his possession. This act is contrary to the law in such case made and provided, and against the peace and dignity of the People of Porto Rico.''

The accused pleaded not guilty, and the trial was proceeded with, the same being held on the 20th of July last, when all the evidence offered by the parties was taken, no incidental issue whatsoever having been raised, nor any protest filed. Under such conditions, on July 24, 1903, judgment was rendered condemning each of the three defendants to the penalties above set forth. From this judgment an appeal was taken by Santiago Quilichini only, who availed himself of the right afforded him by the law which also allows an appeal in cases of misdemeanor. The copies prescribed by the law having been forwarded to this court, at the request of counsel for Quilichini, the record of the preliminary proceedings had in connection with the aforesaid offense, was ordered to be also forwarded to this Supreme Court, which was done. Upon examination of said record, a communication addressed to the Attorney-General, dated September 18, 1902, appears at the beginning thereof, which contains the following paragraph:

''At the same time I have to inform you that Santiago Quilichini and his son Vicente are detained in this municipal jail by order of the revenue agent until they shall have furnished bail to answer the charge brought against them in their respective cases.''

Counsel for Quilichini, in formulating the appeal, alleged as grounds, the following: First, That his client was detained in the jail of the town of Sábana Grande on September 16, 1902, on a charge filed against him and others by the internal revenue agent, and by order of the justice of the

peace; and the prosecuting attorney filed his information in the District Court of Mayagüez on April 15, 1903, that is, two hundred and nine days after the detention, for which reason Attorney Fernando Vázquez, then counsel for Quilichini, had at the hearing, requested the court to dismiss the information, which request was denied, the trial continuing, although the prosecuting attorney had offered no argument to show that the information was properly presented, or to justify the delay; but the aforesaid exception was not entered upon the record, doubtless because at that time no appeal was allowed in cases of misdemeanor; wherefore, section 448 of the Code of Criminal Procedure was violated. In order to prove the delay between the detention and the filing of the information, a certificate issued by the justice of the peace of Sabana-Grande was submitted, wherein it is stated that Santiago Quilichini was placed at the disposal of said court by order of the internal revenue agent, as a prisoner, on September 16, 1902, in which condition he continued until the 19th of the same month, when he was provisionally discharged upon his furnishing a personal bond for eight hundred dollars. Second, That after the filing of the accusation by the internal revenue agent and other proceedings had with respect to the condition of the accused, Santiago Quilichini secured the authorization of the Treasurer to have the rum guaged. After this operation a shortage of fifty-six gallons was found, without taking into account the losses by evaporation and leakage. In this difference are included the two and one-fifth gallons mentioned in the accusation and information; and the owner of the distillery, Santiago Quilichini, had paid the tax on said 56 gallons, at the rate of sixty cents per gallon, by means of the corresponding revenue stamps. The Treasury was thereby fully indemnified for all the differences, leakages, evaporation, etc., that had been found in the rum; and he was given to understand that this matter had been disposed of, which he believed in good faith, inasmuch as the Treasury had

sustained no loss whatsoever, and the conduct of the accused had been justified. For this reason they should not be convicted nor can they be held responsible for errors committed in the proceedings. In support of this claim a document issued by the Treasurer of Porto Rico was submitted. Third, That from the evidence taken at the trial Quilichini is not shown to have been guilty, and this would have been established more fully, had the testimony of the witnesses been included in the record, a requisite which was not complied with by the clerk. From all this he deduces that his client did not commit any criminal act, and finally prays that he be acquitted. In a supplementary prayer he proposed the examination of books which was in due time denied.

The first ground of the appeal does not appear upon the record, as counsel for the appellant himself admits, nor has any bill of exceptions been presented in corroboration thereof. But the fact is that if the defendant was brought to trial and in the course thereof did not make any observation or protest whatsoever, the doctrine laid down in the case of *The People* v. *Hawkins,* 127 Cal. 372, is applicable, which establishes that a defendant who is brought to trial without having made use of his right to demand that the case be dismissed because the information was not filed within the period prescribed by law, it is understood that he has waived said right. Such is the opinion of the *fiscal* of this Supreme Court, and we are in perfect accord with him. As to the second point, referring to the guaging of the rum, it should be borne in mind that said operation was carried out on January 5 of the present year, in prosecution of the fraud, as a shortage of 56 gallons of rum was found in the Quilichini distillery, according to the document that has been presented: a fact entirely different from the one under consideration. With respect to the third allegation upon which the appeal to this court is based, it is impossible to determine whether or not the trial court erred in considering the evidence, inasmuch as the contrary appears from the record, and no

bill of exceptions was filed to show the errors. In accordance therefore, with what appears from the record, to which the court must confine itself in deciding the appeal, the same should be dismissed, with costs against the appellant. The judgment rendered by the Mayagüez Court on July 24, 1903, is accordingly affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.