THE PEOPLE *v.* QUILICHINI ET AL.

APPEAL from the District Court of Mayagüez.

No. 13.—Decided June 20, 1904.

</div>

APPEALS—GROUNDS OF APPEAL—BILL OF EXCEPTIONS.—Grounds of appeal which are not supported by the transcript of the record, and which are not sustained by a bill of exceptions, cannot be considered by the appellate court.

INFORMATION—DISMISSAL—TRIAL.—A defendant who submits to a trial without having made a motion for the dismissal of the cause on the ground that the information was not filed within the time fixed by law, will be deemed to have waived that right.

FRAUD UPON THE INSULAR TREASURY.—The act of extracting from a distillery a given quantity of rum without the proper revenue having been paid thereon constitutes the crime of fraud upon the Insular Treasury.

The facts are stated in the opinion.

*Mr. Smith,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the following opinion of the court:

This is an appeal taken by Santiago Quilichini y Peretti and Vicente Quilichini from a judgment of the District Court of Mayagüez, sentencing each of them to a fine of one hundred dollars and to the payment of one-half of the costs of

the prosecution. The district attorney of Mayagüez, under date of March 26, 1903, filed a sworn information, couched in the following language:

"Santiago Quilichini holds a license as a manufacturer of rum, and on the 24th of December, 1902, he sold from his distillery, situated on the sugar plantation which he possesses in the municipal district of Sábana Grande, which forms a part of the above-mentioned district, through his son, Vicente Quilichini, two and one-fifth gallons of rum to José Mojica y Vega, delivering to him a copy of the invoice issued in favor of Antonio Atresino, in which it was stated that only a gallon of rum had been delivered, whereby they violated the Internal Revenue Law of Porto Rico with the malicious intent of defrauding the Insular Treasury of the sum of one dollar and twenty cents. This act is contrary to the statute in such cases made and provided, and aganist the peace and dignity of the People of Porto Rico."

The accused pleaded not guilty to the information and the case proceeded to trial, which was concluded in two different sessions for the reason that the attorney for the defendants moved for and obtained a continuance on the ground that one witness, whose testimony he considered very material, had failed to appear; but on July 31, 1903, the last session took place, and in both of the same all the evidence proposed by the parties was taken, without any incident of any kind being noted or any objection having been entered. Under these circumstances, on the 1st of August of the said year 1903, judgment was rendered sentencing each of the two defendants to the penalty above mentioned.

From this judgment the defendants took an appeal, availing themselves of the right allowed by the law which also permits appeals in cases of misdemeanor, and the transcript provided for by law having been sent up to this court, on motion of counsel for Quilichini, the record of preliminary proceedings with reference to the crime in question was also ordered to be sent up which was done. An examination of said record discloses various proceedings and testimony, and

on the 18th day of March of last year it appears that a warrant of arrest was issued by the district attorney of Mayagüez against the Quilichinis, both father and son, at the foot of which said warrant is a memorandum reading as follows: "Sábana Grande, March 21, 1903. Executed according to orders. Gabino Balazquide, Corporal of Insular Police. Commander of Post."

Counsel for defendants, in presenting the appeal, set up the following grounds: "First, That his clients were confined in the jail in the town of Sábana Grande on December 24, 1902, as the result of a complaint presented against them by the internal revenue agent, and the district attorney filed the information in the District Court of Mayagüez on the 25th day of March of the following year, that is to say ninety-one days after the arrest, and thereupon Attorney Fernando Vázquez, who was then counsel for the defendants, submitted a motion on the trial to dismiss the information, which motion was overruled and the case proceeded with, notwithstanding the district attorney made no attempt to show that the information was properly presented, or to justify the delay, but that none of these facts were made to appear in the record, doubtless for the reason that at that time appeals did not lie from judgments rendered in cases of misdemeanor, and therefore section 448 of the Code of Criminal Procedure was violated. Second, After the complaint had been presented by the internal revenue agent and other steps had been taken with regard to the situation of the accused, Santiago Quilichini had the Treasurer cause all the rum to be measured, and from this operation there were found to be six gallons less, without taking into account the loss or waste caused by evaporation, and in this difference are comprised the two and one-fifth gallons of rum referred to in the complaint and the information of the district attorney; that the owner of the factory, Santiago Quilichini, paid the amount of the tax upon fifty-six gallons at the rate of sixty cents each, by means of the proper internal revenue

stamps, and the Treasury was therefore completely indemnified for all the differences, waste, evaporations, etc., found in the rum, and he was given to understand that this matter was ended, which he believed in good faith, as the Treasury had not suffered damage of any kind and the conduct of the accused was justified, for which reason they ought not to be condemned and they cannot be held liable for any errors that may have been committed in the proceedings.'' For the purpose of establishing this circumstance he states that he attaches a document issued by the Treasurer of Porto Rico, but this document does not appear in this record for the reason that it is attached to record No. 16.

The first ground of the appeal is not disclosed by the record, as counsel for the appellants himself acknowledges, nor has any bill of exceptions been presented in confirmation thereof. Apart from the fact that it does not appear that the attorney for the defendants Quilichini presented a motion for dismissal, based on section 448 of the Code of Criminal Procedure, it likewise does not appear from the proceedings brought before us that they were arrested on December 24, 1902, but it does appear that they were arrested on March 21, 1903, by order of the district attorney of Mayagüez, the information having been filed on the 26th of the same month, and at a time, therefore, when the sixty days between the arrest and the filing of the information referred to in subdivision 1 of section 448 of the Code of Criminal Procedure had not expired. But the doctrine laid down in the case of *People v. Hawkins,* 127 Cal. 372, which holds that a defendant who enters upon the trial without having exercised his right to demand the dismissal of the case upon the failure to file the information within the period prescribed by law it is understood that he waives such right, is clearly applicable.

With regard to the second ground set up by the defense, the operation of measuring the rum then existing effected

by the agent, taking into consideration the waste of every kind, has nothing to do with the facts involved in the information, which are in every respect independent facts, inasmuch as the act complained of and punished was that of withdrawing from the factory two and one-fifth gallons of rum without satisfying the amount fixed by law upon each gallon, thus defrauding the Insular Treasury.

In accordance, therefore, with the facts appearing upon the record, to the consideration of which the court must look for the decision of the appeal, the same should be dismissed with costs against the appellants, the judgment rendered by the District Court of Mayagüez on the 1st of August of last year being affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.