[Civ. No. 2638.   First Appellate District, Division One.—December 31, 1918.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF
THE STATE OF CALIFORNIA IN AND FOR THE
COUNTY OF FRESNO, and GEORGE E. CHURCH,
the Judge Thereof, Respondents.

CRIMINAL LAW—RAPE—SUFFICIENCY OF INFORMATION.—An information
charging that the defendant on or about a certain date, and in a
certain county, prior to the filing of the information did willfully,
unlawfully and feloniously, and with force and violence, attempt
to have and accomplish an act of sexual intercourse with and upon
the person of a named female, who was not then and there the
wife of the defendant, without the consent and against the will of
said female (naming her), and she, the said female, then and there
resisted the attempt of said defendant to accomplish the said act
of sexual intercourse, stated a public offense.

ID.—ERRONEOUS DISCHARGE OF JURY—TRIAL—MANDAMUS.—Where on
the trial of a criminal prosecution the trial court erroneously sus-
tained an objection to the sufficiency of the information and dis-
charged the jury from further consideration of the case, *mandamus*
was a proper remedy to compel the trial court to vacate its order
and to proceed with the trial to verdict and judgment.

APPLICATION for a Writ of Mandate originally made to
the District Court of Appeal for the First Appellate District
to be directed to the Superior Court of Fresno County, and to
George E. Church, Judge.   Granted.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Petitioner.

Brickley & Edwards for Respondents.

THE COURT.—This is an application for a writ of man-
date.   The application arises by reason of certain proceedings
had in the superior court of the state of California in and
for the county of Fresno during the trial of a criminal case,
entitled "The People of the State of California *versus* Julian
Depavo."   During the trial of the case the jury was duly

impaneled, and the prosecuting witness was called to the stand by the prosecution, and was by the prosecution examined, and was by the defendant cross-examined, and later another witness was called to the stand, and thereupon counsel for the defendant Depavo objected to the introduction of any testimony relating to the admissions of said defendant on the ground that said information did not state a public offense, and on the further ground that the *corpus delicti* had not been proven. Said objection was argued by respective counsel, whereupon, at the conclusion of said argument, respondent George E. Church, judge of the superior court, Fresno County, made an order that said objection be sustained and the jury be discharged from further consideration of said cause. Later the jury was so discharged and the people of the state of California, by U. S. Webb, as attorney-general of the state of California, and J. H. Riordan, his deputy, have commenced this proceeding to obtain a writ of mandate, directed to the respondent, commanding the respondent to vacate said order discharging the jury, and to resume and proceed with the trial of said cause to verdict and judgment as in the manner prescribed by law of this state, and to do all things necessary in the premises.

The charging part of the information is as follows: "The said Julian Depavo on or about the 13th day of February, 1918, at and in the said county of Fresno and State of California, and prior to the filing of this information, did willfully, unlawfully and feloniously and with force and violence attempt to have and accomplish an act of sexual intercourse with and upon the person of Delora McGovern, a female who was not then and there the wife of the defendant, without the consent and against the will of said Delora McGovern, and she, the said Delora McGovern, then and there resisted the attempt of said defendant to accomplish the said act of sexual intercourse."

The information stated a public offense. (*People* v. *Gardiner*, 98 Cal. 127, [32 Pac. 880] ; *People* v. *Akens*, 25 Cal. App. 373, [143 Pac. 795].) Therefore, the trial court erred in ruling that the information did not state a public offense. The question then arises: Can the actions of the trial court be controlled in this proceeding? In *Wood* v. *Strother*, 76 Cal. 545, [9 Am. St. Rep. 249, 18 Pac. 766], Mr. Commissioner

Hayne examined with a very great deal of industry into the proper scope of the use of the writ of mandate, and, in closing, he quotes Lord Mansfield as follows: ''It [the writ] was introduced to prevent disorder from a failure of justice and defect of police. Therefore, it ought to be used on all occasions where the law has established no specific remedy, and where, in justice and good government, there ought to be one.'' And Mr. Commissioner Hayne reaches the conclusion that the quotation exactly and properly states the rule. For the reasons stated the writ will be issued to control and compel action by a court, and even though the court is exercising jurisdiction in a criminal case. (*Matter of Ford*, 160 Cal. 334, [Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757] ; *Ford v. Superior Court*, 17 Cal. App. 1, [118 Pac. 96].)

It follows that the writ should issue in this case, and it is so ordered.