[Crim. No. 2071. Second Appellate District, Division Two.—July 16, 1931.]

THE PEOPLE, Respondent, v. FLOYD ROBERTS, Appellant.

Newton J. Kendall for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIG, J.—Upon an information charging unlawful possession and operation of a still and other apparatus designed and used for the manufacture of intoxicating liquor by Ed Roberts and Floyd Roberts, they were found guilty by a jury, and the latter appealed from the judgment and from an order denying a motion for a new trial.

On or about July 12, 1930, one Stirdivant, the owner of premises in Los Angeles County here in controversy, was summoned by a peace officer whom he accompanied to the scene. Upon investigation it was discovered that the walls and plumbing had been mutilated and destroyed, a large whisky still, piping and vats had been installed, and alcohol and mash in quantities were found about the apparatus, which had so recently been in use that it had not cooled. It is conceded that in March appellant and his brother had rented the premises, and that he and his family took possession of the same. On the date first mentioned officers found in the house groceries, foodstuffs, clothing and other articles of a woman and of a child, and the kitchen stove was

still warm, but the occupants had departed, and so far as the record might indicate, they did not thereafter return. Thereafter, between the date of the search and July 26, 1930, while Stirdivant and his family were driving between the cities of Santa Monica and Ocean Park, each of the defendants was encountered on the public streets, in an automobile with other persons. Stirdivant spoke to them, particularly calling to appellant to stop, but the latter avoided him, and although followed by Stirdivant at high speed over the streets of Santa Monica, and finally to Santa Monica canyon, he escaped and the pursuit was abandoned.

Upon the trial it was testified that when the two brothers called at Stirdivant's home and rented the premises in question both agreed to accept them as a residence for one year, that one or the other executed a lease, and that the first and last months' rent was paid. In corroboration of this evidence a document was introduced, which the owner identified as the lease, and which was signed in the fictitious name of ''Rhodes Brothers'', which he swore they had given him as their true name. Objection here that it was error of the trial court to receive the same in evidence without further identification and proof of its genuineness and due execution as in a civil suit based thereon, or, as in a criminal prosecution in the absence of its connection in any manner with the defendant, is without merit. The prosecuting witness testified positively that he saw the instrument signed, and that he signed it himself. To the question: ''I show you a document here, and ask you if that is the lease you speak of?'', he replied: ''Yes, sir; it was Rhodes, instead of Roberts.''

Equally untenable is the contention that appellant and his brother had abandoned the premises and left them to another prior to the search, and that there was insufficient evidence to justify the order denying a new trial. Photographs of appellant and his family, and numerous other evidences of recent occupancy of the premises, were found in the house, and it lay with the jury under the instructions given to determine whether all of the evidence before them was consistent or inconsistent with any other hypothesis than that of guilt.

■ Strenuous objections to the evidence of appellant's evasion and escape from Stirdivant at Santa Monica under the circumstances stated were made, and it is also insisted that failure to instruct the jury upon the rule as to flight from the scene of a crime by one knowing that he had been charged therewith, was prejudicial error. It is readily apparent that authorities relied upon in this respect are not persuasive. In *People* v. *Jones*, 160 Cal. 358 [117 Pac. 176], evidence of flight from mob violence, when explained by the defendant, presented to the jury a question of veracity of the witnesses, rather than an evidence of guilt. In *People* v. *Brecker*, 20 Cal. App. 205 [127 Pac. 666], the introduction of a letter explaining the defendant's reason for leaving lodgings where no crime had been committed was held non-prejudicial. However, in such as the instant case evidence of the conduct and general demeanor of the defendant after the offense, is admissible. (*People* v. *Walsh*, 63 Cal. 167; *People* v. *Hawkins*, 127 Cal. 372 [59 Pac. 697].) ■ While the denial of a requested proper instruction, in the event of a showing of flight as legally defined, may constitute error, neither the foundation nor request for such an instruction is presented in this case for consideration.

The judgment and order are affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.