[L. A. No. 13095. In Bank.—December 29, 1931.]

THE PEOPLE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

U. S. Webb, Attorney-General, Buron Fitts, District Attorney, Tracy Chatfield Becker, Grant B. Cooper, Willard W. Burgess and T. P. Menzies, Deputies District Attorney, for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

James Donovan, *Amicus Curiae* on Behalf of Respondents.

PRESTON, J.—The object of this proceeding is to accomplish by writ of mandate the following result: To require the Superior Court to reinstate a criminal cause that it has heretofore dismissed upon the ground that the indictment therein did not charge a public offense and to that end to cause the defendant therein to be re-apprehended, the jury to be resummoned and reassembled and to thereafter require the cause proceeded with to verdict and judgment. It must be seen at once that these requests are unusual and test severely the strength of the writ of mandate.

The facts out of which this controversy arose are: The indictment was returned on September 30, 1930, purporting to charge one Johnson with the crime of perjury. His demurrer thereto upon the ground that the same did not state a public offense and other grounds was overruled and thereafter he entered his plea of not guilty and the cause

went to trial. After the examination of some twelve witnesses and after the prosecution had rested its case, defendant filed a written motion for a directed verdict and dismissal of the action, specifying among other things the particular ground that the indictment did not charge facts sufficient to constitute the crime of perjury. The court sustained this contention and thereupon entered its order dismissing the indictment, releasing the defendant, exonerating his bail and discharging the jury.

In making this order the court did not, as it might have done under section 1117 of the Penal Code, direct the case to be resubmitted to the same or some other grand jury nor did it require the proceedings set forth in section 998 of said code respecting the custody of the defendant. Neither did the prosecuting attorney apply for any such relief at the time the indictment was dismissed. But later the petitioner filed this petition for writ of mandate in the District Court of Appeal, Second District, Division One, alleging the above facts and praying that the writ issue to accomplish the said purpose. Said court denied the petition and a transfer of the cause was had to this court, largely to give further consideration to the contention that there was a conflict between the holding of the District Court of Appeal in this case and its holding in the case of *People* v. *Superior Court,* 39 Cal. App. 324 [178 Pac. 730].

But the last-mentioned case gives no consideration to the question of immunity of the defendant from further prosecution. The contention here is: If the indictment does not charge an offense, the court committed no error; if it does charge an offense, nevertheless the defendant is immune from further prosecution. The People, of course, must and do contend that the indictment is sufficient. But the court did not of its own motion nor did the district attorney request that the defendant be held to await a new and sufficient indictment. This situation makes the further prosecution of defendant on this charge unwarranted and illegal. (Pen. Code, secs. 1117 and 1141.) This question has been inferentially decided several times in construing section 1008 of said code. (*In re Harron,* 191 Cal. 457, 465 [217 Pac. 728], *Matter of Hughes,* 160 Cal. 388 [117 Pac. 437], *Ex parte Williams,* 116 Cal. 512 [48 Pac. 499], and *Ex parte Hayter,* 16 Cal. App. 211 [116 Pac. 370].)

.If it can be presumed that the defendant may again be found and arrested and the jurors may also again be found and reassembled, yet under the above authorities and on principle, it would be an idle proceeding as the defendant could obtain his release upon *habeas corpus*. It is therefore clear that no field is present for the operation of the remedy of *mandamus*.

The alternative writ is discharged and the petition denied.

Langdon, J., Richards, J., Shenk, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.