SCHAUER, J.
This case comes to us upon a purported appeal by the People “from the order and judgment . . . dismissing and otherwise terminating the said action without a trial thereof”.
It appears from the record that a jury was waived, the trial entered upon, evidence introduced, the plaintiff rested, defendant moved for a dismissal upon the grounds that the prosecution had failed to prove facts constituting a public offense and that the statute alleged to have been violated was unconstitutional. It also appears that the court “granted the motion of defendant for dismissal”. Defendant (respondent) asserts that the judgment or order attempted to be appealed from is nonappealable and asks that the proceeding here be dismissed.
Section 1466 of the Penal Code allows the People an appeal “From an order or judgment dismissing or otherwise terminating the action without a trial. ” The appellant would have us give to the word “trial” as used in that section an extended minimal inclusive meaning somewhat analogous to that ascribed to it in certain civil cases, such1 as San Joaquin etc. Irr. Co. v. James J. Stevinson, 30 Cal. App. 405, 414 [158 Pac. 768], and thus construe such section as allowing the People an appeal in cases where the defendant had been in jeopardy but where there had not been a “complete trial” to the extent of the enlarged minimum. To adopt such construction would but perpetrate legal absurdity. The lower *Supp. 761 court even, if a new trial were granted by this court, could not lawfully try the defendant again (at least in the absence of his consent thereto and his resistance to this appeal negatives such consent). (People v. Superior Court, 214 Cal. 513, 515 [6 Pac. (2d) 955]; Ex parte Hayter, 16 Cal. App. 211, 224, 225 [116 Pac. 370].)
In People v. Webb, 38 Cal. 467, 479, the Supreme Court quoted from 1 Bishop Cr. L., sec. 665, as follows: “ ‘A legislative provision for the rehearing of a criminal cause cannot be interpreted to violate the constitutional rule under consideration, whatever be the words in which the provision is expressed. When, therefore, the defendant has been once in jeopardy, the jeopardy cannot be repeated without his consent, whatever statute may exist on the subject. And so the writ of error, or the like allowed to the state, can authorize the state to procure the reversal of erroneous proceedings, and proceed anew only in those cases in which the first proceeding did not create a legal jeopardy’ ” and the court held (p. 480) :
. . . the correct interpretation of out (sic) statute giving to the prosecutor a right to his bill of exceptions and appeal, when construed with reference to this provision of the Constitution, must be understood to have reference to such errors only as may occur in the proceedings before the legal jeopardy attaches. With these views, it follows that a reversal of the judgment in the present case would be vain and useless, as we are not authorized to direct or order a retrial.” Concerning a similar situation the same court in People v. Roberts, 114 Cal. 67, 69 [45 Pac. 1016], said: “ . . . the defendant could not be again tried upon the charge here involved, and hence a reversal could avail nothing in the interest of justice.” (See, also, People v. Hill, 146 Cal. 145, 146 [79 Pac. 845]; People v. Knowles, 27 Cal. App. 498, 506 [155 Pac. 137]; People v. Garcia, 120 Cal. App. (Supp.) 767, 769 [7 Pac. (2d) 401].) We think it cannot be said that the action has been terminated “without a trial” if the trial has been entered upon, i. e., if the defendant has been placed in jeopardy. Once jeopardy has attached, there has been a trial, irrespective of the scope or manner .of resolution of the issues.
“To constitute one in jeopardy the party must be placed on trial for a prescribed public offense, on a valid indictment, before a competent court, with a competent jury, duly impaneled and sworn and charged with the ease (citations), or, *Supp. 762 if the trial is by the court, it must be entered upon. (Citations.) . . . The plea of once in jeopardy . . . applies to misdemeanors as well as felonies.” (In re Harron, 191 Cal. 457, 466, 467 [217 Pac. 728]; see, also, People v. Superior Court, 214 Cal. 513 [6 Pac. (2d) 955]; People v. Young, 100 Cal. App. 18 [279 Pac. 824]; In re Berman, 104 Cal. App. 259 [286 Pac. 1043]; People v. Garcia, 120 Cal. App. (Supp.) 767, 769 [7 Pac. (2d) 401].)
In People v. Hawkins, 127 Cal. 372 [59 Pac. 697], the parties announced themselves ready for trial and a jury was impaneled and sworn. Thereupon, before the taking of any evidence, the defendant moved to dismiss the action upon the ground that he had not been brought to trial within sixty days after the information was filed and it was held that his right under section 1382 of the Penal Code had been waived by entering upon the trial without previous objection. The Supreme Court said: “It is well settled that the impaneling of the jury is part of a trial (Silcox v. Lang, 78 Cal. 118 [20 Pac. 297]) ; the legal jeopardy of the defendant has attached when a jury has been ‘charged with his deliverance’, and the jury- stands thus charged when its members have been impaneled and sworn. (Cooley’s Constitutional Limitations, 6th ed., 399.) When, therefore, the defendant here moved for dismissal he had been ‘brought to trial’, and was upon trial, without previous objection that the limit of sixty days had expired.” That jeopardy is incurred when a jury has been impaneled and sworn is also declared in People v. Young, 100 Cal. App. 18, 23 [279 Pac. 824].
It is apparent from the foregoing quotations and cited cases that the defendant herein upon the record before us was clearly placed in jeopardy by the proceedings in the court below. He came into jeopardy when the trial was “entered upon”, whether evidence was actually received or not, and the receipt of evidence is significant merely as a nonexclusive means of establishing in the record the fact that it had been so “entered upon”. The fact, therefore, that evidence on the part of the prosecution only, and none in behalf of defendant, was received, and that the cause was not submitted for decision upon issues of fact, is immaterial.
The appeal herein is dismissed.
Shaw, P. J., and Bishop, J., concurred.