BRÍGIDO FERRER, Petitioner, *v.* DISTRICT COURT OF GUAYAMA, Respondent.

No. 381. Argued June 23, 1942.—Decided June 25, 1942.

*Arturo Aponte* and *Rafael O. Fernández* for petitioner.

Mr. Justice De Jesús delivered the opinion of the court.

The petitioner herein has applied to us for a writ of mandamus commanding the respondent to dismiss criminal prosecution No. 12,590, instituted against him for the alleged crime of murder in the first degree. The petitioner bases his contention on the ground that he was arrested on January 30, 1942, to answer for the aforesaid crime, and that the information was not filed until April 9 following, after the term of sixty days within which, computed from the time of the arrest, the information should have been filed under subdivision 1, §448 of the Code of Criminal Procedure, had fully expired without good cause being shown for the delay. ■ It has been repeatedly declared by this court that the terms fixed by the cited legal provision are mandatory, ■ and that, upon a showing that the term has expired, the discretion of the trial court is confined to a determination of whether or not the grounds advanced by the district attorney or otherwise known to the court are sufficient to warrant such delay. *People* v. *Ayala,* 19 P.R.R. 888; *Dyer* v. *Rossy,* 23 P.R.R. 718, and *People* v. *Díaz, ante,* p. 528.

■■ However, such constitutional right to a speedy trial, guaranteed by §2 of our Organic Act, like any other privilege of a non-jurisdictional character, may be waived by the accused. *People* v. *Hawkins,* 127 Cal. 372, 59 P. 697; *Hernández* v. *State,* (1932 Ariz.) 11 P. (2d) 356; *People* v. *Quilichini et al.,* 7 P.R.R. 210.

It appears from the mandamus petition itself that, notwithstanding the information had been filed after the expiration of the sixty days already mentioned, the accused, at the time set for his arraignment, filed a motion for a bill of particulars and upon the same being denied filed a demurrer which was overruled, and it was not until both pleadings had been overruled that he filed his motion to dismiss the prosecution.

The two pleadings filed by the accused, that is, the motion for a bill of particulars and the demurrer, are quite compatible with an information filed within the statutory term. In our opinion, the accused, by filing the motion to dismiss the prosecution subsequent to the filing of the two pleadings already mentioned, impliedly waived the privilege granted to him by §448 of the Code of Criminal Procedure.

Therefore, the court *a quo* acted properly in refusing to dismiss the prosecution, and as the ministerial duty on the part of the respondent which the petitioner seeks to enforce by means of his petition for mandamus, is nonexistent, the petition must be dismissed and the issuance of the writ denied.

Mr. Justice Travieso did not participate herein.