In re EDWARD J. DEVLIN, on Habeas Corpus.

[Crim. No. 3208. First Dist., Div. One. Mar. 13, 1956.]

Alfred J. Hennessy and Julien R. Bauer for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Arlo E. Smith, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Jack Berman, Deputy District Attorney, for Respondents.

PETERS, P. J.—This is a proceeding in habeas corpus to determine whether petitioner has been once in jeopardy on the charges for which the county seeks to place him on trial.

The petitioner was indicted, charged with the commission of several felonies. He pleaded not guilty. His trial commenced on October 17, 1955. On that date 12 jurors were duly and properly selected, impaneled and sworn. The trial was then continued by consent to October 18, 1955. On that day only 11 jurors appeared. The 12th juror, one Vernon Bartholomew, had been arrested on a felony charge on his way to court. The trial court suggested to counsel that the case, by stipulation, proceed to trial with 11 jurors. To this, petitioner's counsel objected, claiming that Bartholomew, in spite of his arrest, was competent to act as a juror. The trial court by consent continued the case until October 20th. On that day, outside the presence of the other 11 jurors, the trial court interrogated Bartholomew and his counsel as to the reason why Bartholomew had not been present on October 18th. Bartholomew, directly or through his counsel, informed the court that he had been arrested on October 18th on a felony charge and was presently out on bail. Bartholomew then asked permission to make a statement. He stated that because of his arrest ''I do not feel in good conscience, that I can fairly and impartially discharge my duties as a juror. I believe that the events which have occurred may influence my own deliberations and may have a distracting effect upon the deliberation of my fellow jurors. I therefore respectfully request the Court to relieve me of my duties as a juror in connection with this pending case.'' Petitioner's counsel resisted the dismissal of the juror, claiming that Bartholomew was fully competent, and that good cause had not been shown for his discharge. The trial court dismissed Bartholomew as a juror, then dismissed

the other 11 jurors, and set October 27th as the day petitioner should be tried before a new jury. In the meantime, petitioner's counsel was permitted to enter a plea of once in jeopardy. On October 27th petitioner's counsel moved to dismiss the proceedings on the ground that petitioner had been once in jeopardy. The motion was denied, and petitioner, who was then in jail pending trial, instituted the present proceeding to test the validity of his restraint.

In support of the petition it is argued that after a jury has been impaneled and sworn a juror can only be discharged for ''good cause,'' and that the circumstances here involved, as a matter of law, do not constitute ''good cause.'' ▮ It is true, of course, that after a jury has been impaneled a juror can be dismissed only for ''good cause,'' but it is quite clear that, under the circumstances here involved, the trial court acted well within its discretion in determining that ''good cause'' existed.

▮ Even in the absence of statute the trial court possesses the power to dismiss a juror for ''good cause.'' The general rule is stated as follows in 38 American Law Reports 706:

''. . . the general modern rule is that the court may discharge a jury without working an acquittal on the defendant, in any case where the ends of justice, under the circumstances, would otherwise be defeated. . . .

''Thus the cases are practically unanimous in holding that it is within the power of the trial court to discharge the jury in a criminal action for any misconduct or disqualification of one or more of its members which is of such a character as to render the discharge necessary in order to prevent the frustration of the ends of justice, and that in such case, the discharge will not support a plea of former jeopardy.''

This general rule is codified in this state.

Section 1123 of the Penal Code provides, in part: ''If before the jury has returned its verdict into court, a juror becomes sick or upon other good cause shown to the court is found to be unable to perform his duty, the court may order him to be discharged.'' If there is no alternate that may sit for him in the case of such a discharge, ''the jury shall be discharged and a new jury then or afterwards impaneled, and the cause may be again tried.''

Section 1141 of the Penal Code provides: ''In all cases where a jury is discharged or prevented from giving a verdict by reason of an accident or other cause, except where

the defendant is discharged during the progress of the trial or after the cause is submitted to them, the cause may again be tried.''

Petitioner relies on the case of *People* v. *Howard,* 211 Cal. 322 [295 P. 333, 71 A.L.R. 1385]. In that case, during a murder trial, one of the jurors disclosed to the court that she knew some of the defense witnesses and was prejudiced against them. The juror was discharged and an alternate juror was substituted. On appeal, after conviction, the defendant contended that he had been deprived of a common law jury trial. At that time section 1089 of the Penal Code provided that an alternate juror could be substituted for a regular juror if ''a juror dies or becomes ill so as to be unable to perform his duty.'' There was no other statutory cause for the discharge of a juror. The Supreme Court held that while it might have been a procedural error to discharge the juror and to substitute the alternate, the error was not prejudicial. At the time the Howard case was decided section 1123 of the Penal Code provided for the discharge of a juror when ''a juror becomes sick, so as to be unable to perform his duty.'' Both sections 1089 and 1123 have now been amended to allow an alternate to be substituted or a juror dismissed if ''a juror becomes sick or upon other good cause shown to the court.'' ■ Thus, under existing law a juror may be discharged, without jeopardy attaching, if ''good cause'' for the discharge exists. What constitutes ''good cause'' by necessity, rests largely in the discretion of the trial court. ■ Certainly, when a juror in a criminal case, after being chosen, is himself charged with a felony and expresses the wish to be relieved because he does not feel that he can fairly perform his duties, the court has discretion to determine that this is ''good cause.''

There is nothing in the cases cited by petitioner contrary to these views. The cases cited are *People* v. *Ruef,* 14 Cal. App. 576 [114 P. 48, 54], *People* v. *Young,* 100 Cal.App. 18 [279 P. 824], and *People* v. *Schmitz,* 7 Cal.App. 330 [94 P. 407, 419, 15 L.R.A.N.S. 717]. These cases dealt with the propriety of the exercising of peremptory challenges, or held that a juror could not compel his own discharge. None of the cases dealt with what constitutes ''good cause'' within the discretion of the court.

■ After the filing of this petition a supplementary petition was filed directed to the authorities in Santa Clara

County, it appearing that petitioner is now in custody on another charge in that county. Since the original custody was lawful, this subsequent custody is also lawful.

The writ heretofore issued is discharged, and the supplementary petition for a writ is denied.

Bray, J., and Wood (Fred B.), J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 11, 1956.