[No. B001474. Second Dist., Div. Two. May 9, 1984.]

MICHAEL WILLIAM MITCHELL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Jill Lansing and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Robert H. Philibosian, District Attorney, Donald J. Kaplan and Richard W. Gerry, Deputy District Attorneys, for Real Party in Interest.

Opinion

BEACH, J.—

Nature of Proceedings:

Defendant in a criminal trial seeks prohibition to restrain his trial for burglary on the ground of double jeopardy. The trial court had declared a mistrial on the basis of legal necessity after excusing a juror who after trial had started said (1) he had prejudged defendant's case and (2) that his mind kept wandering and he could not concentrate.

Facts:

On the day following the first witness' testimony it was called to the court's attention that juror Rodriguez had been exposed to the comments of a prospective juror (Lewis) who had been excused from serving. The comments by Lewis seemed critical of the effort to try a black defendant by an all-white jury. After obtaining the information the trial judge discussed the matter with juror Rodriguez out of the presence of the other jurors. The juror said that he remembered that Lewis had "lipped off" and juror Rodriguez had heard the word "nigger" and had heard Lewis' comment that there were not enough blacks on the jury. Rodriguez stated that he "laughed-off" Lewis' comments.

The court thereafter inquired of the balance of the jurors who had been sworn to try petitioner's case as to whether they had heard anyone speak out about the case or the makeup of the jury. No jurors had heard any such comment. Trial then continued with the testimony of the People's second witness.

At the beginning of the next session, juror Rodriguez sent a note to the judge which read: "Sitting in the panel I found my mind wandering, thinking about the remarks made. I was unable to take notes or listen to what was being said." The court discussed the matter with juror Rodriguez in chambers. Rodriguez stated that he had missed some of the evidence and that he did not think he could continue as a juror because "I've already started judging him and I haven't got all the facts." He also reiterated that his mind was wandering, although he could not further describe the situation.

In open court, the judge stated that he found Mr. Rodriguez was not able adequately to concentrate on the evidence or consider the evidence impartially and that he had prejudged petitioner's guilt or innocence. The court

stated that it found this to constitute good cause to excuse Rodriguez from the jury and excused the juror without seeking consent or objection from petitioner or his counsel. The court thereafter inquired as to whether counsel would stipulate to a trial by 11 jurors. Petitioner's counsel would not so stipulate. The court then declared a mistrial, again without seeking consent or objection from petitioner or his counsel.

Thereafter, petitioner entered his plea that he had been once in jeopardy in that a mistrial had been declared without his consent and without legal necessity.

His plea of former jeopardy was heard before another judge who found that legal necessity justified the discharge of juror Rodriguez, and overruled petitioner's plea of once in jeopardy whereupon petitioner sought relief by the present petition.

We initially denied the petition without hearing. Upon petition to our Supreme Court that court retransferred the matter to this court and division with directions to issue an alternative writ to be heard by us and citing to us *Larios* v. *Superior Court* (1979) 24 Cal.3d 324 [155 Cal.Rptr. 374, 594 P.2d 491]; *Curry* v. *Superior Court* (1970) 2 Cal.3d 707 [87 Cal.Rptr. 361, 470 P.2d 345]; and *People* v. *Compton* (1971) 6 Cal.3d 55 [98 Cal.Rptr. 217, 490 P.2d 537]. Obedient thereto, we have issued the alternative writ and heard the matter. For the reason we explain, we deny the petition.

DISCUSSION:

■ A person shall not be twice put in jeopardy for the same offense. (U.S. Const. art. V; Cal. Const., art. 1, § 15.) In California jeopardy is said to attach when the jury is impaneled and thereafter the discharge of the jury without defendant's consent is equivalent to acquittal, barring retrial unless there is "legal necessity" for the discharge. (*Larios* v. *Superior Court, supra,* 24 Cal.3d 324; *Curry* v. *Superior Court, supra,* 2 Cal.3d 707.)

■ Many forms of procedural mishap, e.g., *People* v. *McJimson* (1982) 135 Cal.App.3d 873 [185 Cal.Rptr. 605]; introduction of prejudicial testimony, *Curry* v. *Superior Court, supra,* 2 Cal.3d 707; even prejudicial juror misconduct, *People* v. *Compton, supra,* 6 Cal.3d 55, are not regarded as the kind of "good cause" referred to in Penal Code section 1123, sufficient to constitute legal necessity.

Penal Code section 1123 provides, inter alia: "If before the jury has returned its verdict into court, a juror becomes sick or upon other good

cause shown to the court is found to be unable to perform his duty, the court may order him to be discharged . . . . [I]f there be no alternate juror, . . . the jury shall be discharged and a new jury then or afterwards impaneled, and the cause may be again tried."

*Curry, supra,* 2 Cal.3d 707, teaches, and cases cited therein establish, that mere error of law or procedure including juror *misconduct* does not constitute legal necessity, but juror *sickness* does. The cases have established that misconduct does not necessarily prevent nor disable the juror from performing his duty. ■ On the other hand, the statute expressly provides sickness *or* inability to perform his duty, based upon good cause shown to the trial court and upon which it finds such inability, constitutes legal ground, ergo "legal necessity" upon which a juror may be discharged.

At bench the trial court excused the juror for two separate and distinct reasons: (1) that he had formed some prejudice about the case and (2) that the court after examination found the juror unable to perform his duty.

■ The finding by the court of the second reason for discharging the juror is specifically provided for in the statute, Penal Code section 1123. As indicated above, the statute then provides for discharge of the entire jury if there be no alternate juror, as was the case here, and subsequent impanelment of a new jury to try the case. The question before us thus becomes: Was there sufficient evidence of "other good cause shown to the court" to support the finding of the trial court that the juror was unable to perform his duty?

The question to be decided by the trial court was primarily one of fact addressed to the sound discretion of the trial court. Therefore, the decision of the trial court on that question of fact should not be disturbed unless there was a clear and manifest abuse of that discretion. We find no such abuse.

To the contrary, the court here had evidence which established that the juror was not faking an inability to concentrate. The juror had initially been exposed to some prejudicial comments. He had been singled out for examination by the trial court. He had been taken into chambers apart from the other jurors. He unequivocally stated to the court that he could not concentrate on the evidence because his mind wandered. This case was not a case of no legal necessity such as mere misconduct, e.g., a juror's independent research into facts supportive of the evidence, (*Lairos*); or inappropriate remarks by a juror (*Compton*). In such cases our Supreme Court has reasoned that the discharge of the juror is premature and inappropriate because the misconduct might *not* have affected the juror's eventual ability to perform his duty. Nor was this a case such as mere disclosure to the entire

jury panel of prejudicial evidence, which again does not constitute "legal necessity" for its discharge (*Curry*).

Rather, the present case is one where, upon good cause, the trial court found the juror *factually unable* to perform—as distinguished from merely declaring *legal disqualification*—based upon uncontradicted facts. The trial court made specific findings repeating that he found the juror to be unable. The fact that the juror entertained or expressed some prejudicial attitude is not a legal basis for discharge. (*Compton, supra,* 6 Cal.3d 55.) But we do not in any part rely upon the juror's acquired prejudice for our decision. Nor need we decide whether it may form *part* of the good cause upon which the statutory inability of the juror may be founded. In the matter at bench the juror's inability to concentrate is the good cause resulting in legal necessity. The initiating or precipitating factors of that condition may have had their origins in the exposure to Lewis' remarks and the trial court's first in-chambers examination thereupon, but the good cause nonetheless existed.

In *Larios* v. *Superior Court, supra,* 24 Cal.3d 324, 333, this language appears: "To the extent that *Devlin* suggests that 'good cause' alone is sufficient to warrant a mistrial, it is disapproved." Neither *Larios* nor *Devlin*[1] of which *Larios* disapproves, involved the issue present here, i.e., actual inability to perform the duty of juror. In *Devlin* the court upheld the discharge of the juror and the discharge of the entire panel after the individual juror stated that he felt and believed that he could not be a fair and impartial juror because of his arrest during his jury service.

Nor were either of those cases decided upon the specific narrow question upon which we decide, i.e., whether there is sufficient evidence to support the finding of fact by the trial court that the juror was unable to perform his duty. Juror sickness alone is not the sole basis for discharge of a juror. The statute provides in the alternative for discharge in the event of juror sickness *or* inability to perform his duty. Thus the "other good cause shown" must be interpreted as another way of expressing the need for substantial evidence to support the finding of fact of inability. In this respect then we are not concerned with whether certain other facts or events may or may not be good cause to discharge a juror. We here test only the fact finding determination by the trial court of the statutory condition of inability. The trial court expressly made such a finding. That finding is supported by substantial evidence.

---

[1]*In re Devlin* (1956) 139 Cal.App.2d 810 [294 P.2d 466].

The petition for writ of prohibition is denied.

Roth, P. J., and Compton, J., concurred.

A petition for a rehearing was denied May 31, 1984, and petitioner's application for a hearing by the Supreme Court was denied July 12, 1984.